**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| MANASSEH ROYDREGO SKINNER, | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| VS. | : | |
| | : | |
| Officer CASEY, *et al.*, | : | |
| | : | NO. 1:14-CV-96-WLS-TQL |
| | : | |
| Defendants. | : | |
| _____ | : | **ORDER & RECOMMENDATION** |

     Plaintiff **MANASSEH ROYDREGO SKINNER**, a pretrial detainee at the Dougherty County Jail ("DCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Currently pending before the Court are the following:  (1) the complaint, which must be screened under 28 U.S.C. § 1915A (Doc. 1); (2) an application for leave to proceed *in forma pauperis* ("IFP") (Doc. 2);[1]  (3) a motion for leave to file an amended complaint (Doc. 6) and proposed amended complaint (Doc. 6-1); and (4) a motion for appointment of counsel (Doc 7).

---

[1]    Plaintiff has incurred two prior "strikes" under 28 U.S.C. § 1915(g), both in *Skinner v. Carter*, 1:13-cv-37 (WLS) (complaint and appeal).   Under section 1915(g), after incurring three strikes, a prisoner generally may not proceed with a new lawsuit unless he pays the Court's full filing fee at the time of filing.

## I.  PRELIMINARY MATTERS

### A.  IFP Application

Based on Plaintiff's financial information, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee.[2]  Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Plaintiff is nevertheless required to pay the full filing fee, as is discussed below.  The Clerk of Court is directed to send a copy of this Order to the business manager of the DCJ.

### B.  Motion to Amend Complaint

Plaintiff's motion for leave to amend his complaint is hereby **GRANTED**.  The allegations in both Plaintiff's original and his amended complaint are considered herein.

### C.  Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."  However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues

---

[2]     Although Plaintiff has not provided a copy of his inmate account statement, he has provided a certificate signed by the DCJ Support Service Officer indicating a negative balance in Plaintiff's account of $97.10.

presented.   ***Holt v. Ford***, 682 F.2d 850, 853 (11th Cir. 1989).    Plaintiff has set forth the essential factual allegations underlying his claims and the Court will determine whether Plaintiff's allegations support a colorable legal claim.   This process is routine in *pro se* prisoner actions and therefore "exceptional circumstances" justifying appointment of counsel do not exist.   Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint

"must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the

4

standard in section 1915A "shall" be dismissed on preliminary review).

### III.   BACKGROUND

Plaintiff raises a number of claims arising out of his confinement at DCJ.   He sues the following DCJ personnel:   (1) Sheriff Kevin Sproul; (2) Colonel John Ostrander; (3) Major Dan Haggerty; (4)  Major Sabrina Lewis; (5) Captain Singleton; (6)  Lieutenant Chuck Faulk; (7) Deputy Jamaer Procter; (8) Corporal Benjamin Ford; (9) Officer Casey; (10) Officer Danny West; and (11) Corporal C. Wells.[3]

On December 24, 2013, while Plaintiff was awaiting treatment in medical for an injured hand, he was allegedly attacked by another inmate and suffered further injury to his hand.   According to Plaintiff, Defendant Officer Casey was supposed to be supervising inmates in medical but was not present when the incident occurred.   Casey responded during the altercation and sprayed both Plaintiff and the other inmate with "O.C.A. spray." In addition to Casey, Plaintiff sues Sheriff Kevin Sproul, Colonel John Ostrander, Major Dan Haggerty, and Major Sabrina Lewis for allegedly failing to train Casey and failing to provide adequate staffing.

As a result of the above incident, Defendant Officer Casey filed a disciplinary report against Plaintiff, which Plaintiff characterizes as false.   Plaintiff also complains that Defendant Corporal C. Wells signed the disciplinary report as the serving officer when another officer actually served the disciplinary report on Plaintiff.

Plaintiff complains about various due process violations associated with his

---

[3]   Plaintiff appears to add Corporal C. Wells as a Defendant in his amended complaint.

disciplinary hearing.   Among other allegations, Plaintiff states that he was denied assistance in presenting his case as well as the opportunity to confront his accuser, to present witnesses, and to see the evidence against him.   Plaintiff was convicted in the disciplinary hearing and, together with another disciplinary conviction (for which Plaintiff provides no details), Plaintiff received a sentence of 100 days in isolation.   According to Plaintiff, Defendant Captain Singleton, who was the hearing officer, prevented Plaintiff from ascertaining and calling his witnesses, and otherwise convicted Plaintiff unfairly.

Plaintiff complains about numerous aspects of his confinement in isolation. Among Plaintiff's claims are that his cell was extremely cold and he was denied sufficient clothing, blankets, and "foot protection," that he was deprived of running water and all indoor and outdoor recreation, and that he was subjected to unsanitary conditions. Plaintiff states that he was diagnosed with arthritis in his foot as a result of being denied foot protection and having to walk on the cold, bare concrete floor.   Plaintiff allegedly complained to Defendants Sheriff Sproul, Colonel Ostrander, Major Haggerty, and Major Lewis of the conditions in isolation, but none of these Defendants took any action.

Plaintiff additionally alleges that his treatment in isolation violated the equal protection clause.   Plaintiff summarily states that female inmates confined in isolation for committing the same infractions as Plaintiff are not subjected to the same "harsh" conditions.

Plaintiff's final allegations are that he suffered a "campaign of har[]assment [and]

retaliation" in response to his filing two section 1983 lawsuits in this Court in October 2013 as well as numerous jail grievances.   Said acts, and the dates on which they allegedly occurred, include:

(1) Defendant Officer Danny West, a defendant in one of Plaintiff's October 2013 lawsuits, stared at Plaintiff and then filed a disciplinary report against him (November 6, 2013).

(2) Defendant Lieutenant Chuck Faulk, who was also a defendant in one of Plaintiff's prior lawsuits, allegedly threatened and tried to provoke Plaintiff, and in the process referenced Plaintiff filing the section 1983 action in this Court (January 22, 2014).

(3)   Defendant Lieutenant Faulk allegedly forced Plaintiff to remain in his dirty cell for over 90 hours, without access to running water for showering or cleaning the cell (February 4, 2014).

(4)   Defendant Corporal Benjamin Ford filed a false disciplinary report against Plaintiff (February 5, 2014).

(5)   Defendant Lieutenant Faulk, after reading Plaintiff's legal mail and seeing his name therein (presumably in or relating to a filing in this Court), shoved Plaintiff multiple times (February 7, 2014).

(6) Defendant Deputy Procter, under the supervision of Faulk, read Plaintiff's legal mail (February 9, 2014).

(7)   Defendants Lieutenant Faulk and Officer West entered Plaintiff's cell and read

Plaintiff's legal mail and "deliberately mishandled" the documents (February 20, 2014).

(8)   Defendant Procter, in front of Faulk and others, frisked Plaintiff and brushed his penis as an act of retaliation and intimidation (March 8, 2014).

(9)   Defendant West destroyed Plaintiff's legal documents and notes (March 28, 2014).

(10)   Defendant Procter reached down Plaintiff's jumpsuit "to sexual[ly] assau[l]t and har[]ass" him (March 31, 2014).

Plaintiff alleges that Defendants Sheriff Sproul, Colonel Ostrander, Major Haggerty, and Major Lewis were all aware of the above alleged acts of retaliation but did not attempt to stop them.

As relief, Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

## IV.   DISCUSSION

### A. DISMISSED CLAIMS

#### 1.   Negligence

In his amended complaint, Plaintiff states that he wishes to assert a negligence claim against Officer Casey as a result of Casey's allegedly failing to protect Plaintiff in connection with his December 24, 2013 attack by another inmate.

Prison officials are not subject to liability under section 1983 for the results of negligent acts. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Any claims for mere

negligence may be brought only in state court.   As indicated below, the Court will allow a failure to protect claim to go forward against Casey.   Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's negligence claim be **DISMISSED**.

Plaintiff may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

## 2.  *Failure to Train and Provide Adequate Staffing*

Plaintiff seeks to hold Defendants Sheriff Kevin Sproul, Colonel Ostrander, Major Haggerty, and Major Lewis liable in connection with the December 24, 2013, incident because they failed to train Defendant Officer Casey and failed to provide adequate staffing.

Plaintiff's conclusory allegation that the above Defendants failed to train Officer Casey does not support a colorable constitutional claim claim.   The Eleventh Circuit Court of Appeals recently summarized what a plaintiff must establish for a prison official to be held liable for failing to train subordinates:

> [U]nder § 1983, a supervisor can be held liable for failing to train his or her employees "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L.Ed.2d 412 (1989); *see also Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994) ("A supervisory official is not liable under section 1983 for an injury resulting from his failure to train subordinates unless his  failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the injury of which the plaintiff complains." (internal quotation marks omitted)). Thus, a plaintiff alleging a constitutional

> violation premised on a failure to train must demonstrate that the supervisor had
> "actual or constructive notice that a particular omission in their training program
> causes [his or her] employees to violate citizens' constitutional rights," and that
> armed with that knowledge the supervisor chose to retain that training program.
> ***Connick v. Thompson***, __ U.S. __, __, 131 S. Ct. 1350, 1360, 179 L.Ed.2d 417
> (2011).

***Keith v. DeKalb County, Georgia***, 749 F.3d 1034, 1052 (11th Cir. 2014).   Plaintiff has not

alleged that the Defendants had actual or constructive notice of the need to train Casey or

otherwise were deliberately indifferent.

Nor does Plaintiff allege deliberate indifference on the part of the Defendants as to

staffing.   Moreover, if Plaintiff's allegations are true, his injury resulted from Casey's

abandonment of his post and not the other Defendants' failure to adequately staff the

position.

Accordingly, it is **RECOMMENDED** that Plaintiff's claims of failure to train and

provide adequate staffing be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff may file written objections to the above recommendations with the United

States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS**

after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

### 3.   *Equal Protection*

Plaintiff alleges that the Defendants violated his right to equal protection because

unnamed female inmates who committed the same infraction as Plaintiff are not housed in

conditions as harsh as Plaintiff's.

Plaintiff has failed to allege specific facts supporting a valid equal protection claim.

10

To state a claim for a violation of the Equal Protection Clause, an inmate must allege that other similarly situated inmates received more favorable treatment and that the discriminatory treatment was based on some constitutionally protected interest.   *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001).   Here, Plaintiff summarily alleges that the unnamed female inmates committed the same infraction as Plaintiff but the description of his own conduct is ambiguous and he provides no details regarding that of the female inmates.   Moreover, Plaintiff provides no facts supporting the inference that any different treatment of him compared to the female inmates is based upon gender.   It is thus **RECOMMENDED** that Plaintiff's equal protection claim be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

### 4.   *Violation of DCJ Policies*

Plaintiff alleges that most of the Defendants' actions described above violate DCJ policies.   Standing alone, a violation of a jail policy typically does not state a federal constitutional claim.   *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (emphasizing that a section 1983 plaintiff must prove the defendant deprived him of a right secured by the Constitution or laws of the United States).   It is therefore **RECOMMENDED** that Plaintiff's claims arising solely out of violations of DCJ policies

be **DISMISSED**.   Many of Plaintiff's factual allegations, however, when liberally construed in his favor, state colorable constitutional claims, as discussed below.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

### 5.   *Access to the Courts*

Plaintiff characterizes certain Defendants reading of his legal mail as violating his right of access to courts.   To state a valid access to courts claim, a section 1983 plaintiff must allege an actual injury.   *Lewis v. Casey*, 518 U.S. 343, 351 (1996).   An actual injury exists if a direct appeal of conviction, a habeas petition, or a non-frivolous civil rights action was frustrated or impeded.   *Id.* at 353-54; *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir.1998).   A plaintiff must allege "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials."   *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.), *cert. denied*, 129 S. Ct. 104 (2008) (internal quotes and citations omitted).   Plaintiff has not alleged that the Defendants' actions caused him an actual injury of the type required by *Lewis*.   There is no indication that he suffered such an injury in connection with the two lawsuits filed in this Court.   It is therefore **RECOMMENDED** that Plaintiff's access to courts claim be **DISMISSED WITHOUT PREJUDICE**.

As noted below, the conduct about which Plaintiff complains could support First

Amendment claims for retaliation and/or censorship.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

### B.   *DISMISSED DEFENDANT - Corporal C. Wells*

Plaintiff merely alleges that Defendant Corporal Wells signed as serving officer the disciplinary report associated with the December 24, 2013 incident, but did not serve the report upon Plaintiff.   Even liberally construed in Plaintiff's favor, he has failed to allege a colorable constitutional claim against Wells.   Accordingly, it is **RECOMMENDED** that Corporal C. Wells be **DISMISSED WITHOUT PREJUDICE** as a Defendant herein.

Plaintiff may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

### C.   *REMAINING CLAIMS AND DEFENDANTS*

Liberally construed in Plaintiff's favor, his allegations support the following claims against the following Defendants:

(1) Failure to protect against Officer Casey;

(2) Subjection to conditions that constitute punishment in violation of the Due Process Clause against Captain Singleton, Sheriff Kevin Sproul, Colonel John Ostrander, Major Dan Haggerty, and Major Sabrina Lewis; and

(3) First Amendment retaliation and/or censorship claims against Lieutenant Chuck Faulk, Deputy Jamaer Procter, Corporal Benjamin Ford, Officer Casey, Sheriff Kevin Sproul, Colonel John Ostrander, Major Dan Haggerty, and Major Sabrina Lewis.

It is thus **ORDERED** that service be made upon Defendants Sheriff Kevin Sproul, Colonel John Ostrander, Major Dan Haggerty, Major Sabrina Lewis, Captain Singleton, Lieutenant Chuck Faulk, Deputy Jamaer Proctor, Corporal Benjamin Ford, Officer Casey, and Officer Danny West, and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made

14

against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery:   except with written permission of the court first obtained, **INTERROGATORIES** may not exceed

TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 31st day of October, 2014.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

cr