IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MANNASEH ROYDREGO SKINNER, : <br> : <br> Plaintiff, : <br> : CASE NO.: 1:14-CV-96 (WLS) <br> v. : <br> : <br> OFFICER CASEY, *et al.*, : <br> : <br> Defendants. : <br> : | |

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed October 31, 2014. (Doc. 8.) Therein, Judge Langstaff recommends dismissing several, but not all, claims asserted by Plaintiff Manasseh Roydrego Skinner's complaint in the above-captioned matter. (*See id.*) Judge Langstaff's Recommendation and 28 U.S.C. § 636 provided Skinner with fourteen days to file an objection. (*Id.* at 9-13.) Skinner timely filed an objection to the referenced Recommendation. (Doc. 13.)

Skinner sets forth six specific objections. Objections One and Three relate to Judge Langstaff's finding that negligence claims are not cognizable in § 1983 actions. (*See* Docs. 8 at 8-9 & 13 at 1-2.) The Court agrees with that finding. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). Accordingly, Objections One and Three are **OVERRULED.**

Skinner's second objection is to Judge Langstaff's recommendation to dismiss the failure to train and provide adequate staffing claims. (*See* Docs. 8 at 9-10 & 13 at 1-2.) Those claims arise from an altercation between Skinner and other inmates after Officer Casey left the medical unit unsupervised. (Doc. 1 at 7.) The Court agrees that Skinner failed to state a claim for failure to train because he did not allege any facts to support a finding that the need to train Officer Casey was "obvious" to the Defendants. *See Belcher v. City of Foley*, 30 F.3d 1390, 1397-98 (11th Cir. 1994). The Court also agrees that Skinner failed to state a

1

claim for failure to provide adequate staffing because, although Skinner stated that altercations previously occurred in the medical unit, Skinner did not allege that the Defendants had knowledge of those altercations or that the Defendants deliberately avoided taking actions to prevent future altercations. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1115-16 (11th Cir. 2005). Accordingly, Objection Two is **OVERRULED.**

Skinner's fourth objection is to Judge Langstaff's recommendation to dismiss the equal protection claim. (Docs. 8 at 10-11 & 13 at 2-3.) That claim arises from Skinner's allegation that female inmates at the Dougherty County Jail ("the Jail") are not deprived of certain privileges or opportunities for infractions of the Jail's disciplinary policies and rules. The Court agrees with Judge Langstaff's recommendation because Skinner failed to allege any specific instances whereby the Jail treated Skinner more harshly or less favorably than a person outside of his protected class. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Accordingly, Objection Four is **OVERRULED.**

Skinner's fifth objection is to Judge Langstaff's recommendation to dismiss the claim arising from the Defendants' alleged failure to enforce the Jail's written policies. (Docs. 8 at 11 & 13 at 3.) The Court agrees with Judge Langstaff's statement that violations of jail policies standing alone do not constitute claims under § 1983. *See Evans v. City of Marlina, Tex.*, 986 F.2d 104, 108 n.6 (5th Cir. 1993). Accordingly, Objection Five is **OVERRULED.**

Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 8) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff Manasseh Roydrego Skinner's Objection (Doc. 13) is **OVERRULED.**

**SO ORDERED**, this  9th  day of December 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**